## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MOREHEI PIERCE,

     Plaintiff,

     v.

KRIS KOBACH, *et al.*,

     Defendants.

Case No. 23-4059-EFM-ADM

## REPORT AND RECOMMENDATION

Pro se plaintiff Morehei Pierce brings this action under 42 U.S.C. § 1983 against defendants Kris Kobach, in his capacity as Kansas Attorney General; Tim Easley, in his capacity as Warden at Larned Correctional Mental Health Facility ("Larned"); and Jeff Zmuda, in his capacity as the Secretary of the Kansas Department of Corrections.  The court previously granted Pierce leave to proceed in forma pauperis ("IFP"), but directed the U.S. Marshal Service to withhold service of process until the court screened the complaint for merit under 28 U.S.C. § 1915(e)(2)(B).  (ECF 6.)  As discussed in further detail below, upon screening, the court now recommends that the district judge dismiss Pierce's complaint.

### I.    LEGAL STANDARDS

When a plaintiff proceeds IFP, the court may screen the complaint under § 1915(e)(2)(B). The court must dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate."  *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

Because Pierce is proceeding pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than those drafted by attorneys." *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006). In so doing, however, the court does not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

## II.    ANALYSIS

Pierce's complaint alleges that officers failed to take action after he informed them that certain inmates had threatened him during his incarceration at Larned. (ECF 1, at 3-4.) Pierce asserts that the officers' inaction resulted in his being attacked and injured by the inmates on two occasions. (*Id.*) Although the complaint names Kobach, Easly, and Zmuda as defendants, it does not set forth any facts about, or attribute any actions to, these individuals. Pierce, who has since been released from Larned, seeks $750,000 in damages. (*Id.* at 5.)

The court finds that Pierce has failed to state a viable claim against any named defendant. As stated above, § 1915(e)(2)(B)(ii) directs the court to dismiss an action that fails to state a claim on which relief may be granted. Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard that applies to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal of a pro se plaintiff's complaint for failure to state a claim is "proper only where it is obvious that the plaintiff cannot prevail on the facts . . . alleged and it would be futile

2

to give [plaintiff] an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001).

Pierce appears to be asserting an Eighth Amendment claim for inhumane conditions of confinement, suggesting officers were deliberately indifferent to his safety. "A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement . . . if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). But supervisors of prison officials, such as the defendants named in this case, cannot be held vicariously liable for the actions of those they supervise. *Keith v. Koerner*, 843 F.3d 833, 838 (10th Cir. 2016). Rather "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The plaintiff "must show an 'affirmative link' between [the official] and the constitutional violation, which requires proof of three interrelated elements: (1) personal involvement; (2) causation; and (3) state of mind." *Keith*, 843 F.3d at 838 (quoting *Schneider v. City of Grand Junction Police Dep't,* 717 F.3d 760, 767 (10th Cir. 2013) (internal quotations omitted)). *See also Chavez v. Perry*, 142 F. App'x 325, 330 (10th Cir. 2005) (upholding dismissal of Secretary of Corrections where complaint did not allege facts connecting him to alleged constitutional violation); *Clayton v. Ward*, 232 F. App'x 827, 830 (10th Cir. 2007) (affirming dismissal of state Attorney General for failure to state a claim where plaintiff alleged no facts tying Attorney General to alleged constitutional violation).

Here, Pierce has not alleged any facts implicating Kobach, Easly, or Zmuda, or suggesting that any of them had personal knowledge that Pierce was in danger. Thus, under the caselaw set out above, it would be impossible for Pierce to prevail on a § 1983 claim asserted against them. In other words, Pierce's complaint lacks any factual contention that one or more of these

defendants, acting under color of state law, caused Pierce to be deprived of his Eighth Amendment rights—or any other federal right or privilege—as is necessary to support a § 1983 claim. *See* 42 U.S.C. § 1983. In pro se cases, as in others, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be granted." *Chavez*, 142 F. App'x at 330 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The court therefore recommends that the district judge dismiss Pierce's complaint in its entirety.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b)(2), and D. KAN. RULE 72.1.4(b), Pierce may file written objections to this Report and Recommendation within fourteen days after being served with a copy. If Pierce fails to file objections within the fourteen-day period, no appellate review of the factual and legal determinations in this Report and Recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that Pierce's complaint be dismissed for the reasons set forth above.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this Report and Recommendation to Pierce via regular mail and certified mail, return receipt requested.

Dated August 7, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge